Case 11-15025    Filed 12/19/11    Doc 184

2011-15025
FILED
December 19, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003959976

T. SCOTT BELDEN, CSB NO. 184387
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
E-Mail: sbelden@kleinlaw.com; jeaton@kleinlaw.com

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 11-15025-A-11 |
| DAVID A. CATES and LINDA A. CATES, | Chapter 11 |
| Debtors. | DC No. KDG - 6 |
| | Date: December 13, 2011 |
| | Time: 2:00 p.m. |
| | Place: Bankruptcy Court |
| | 1300 18th Street |
| | Bakersfield, California |
| | Judge: Whitney Rimel |

### FINDINGS OF FACT IN SUPPORT OF CONFIRMATION OF DEBTORS' MODIFIED PLAN OF REORGANIZATION DATED OCTOBER 14, 2011

I.   **Introduction**[1]

Confirmation of *Debtors' Modified Plan of Reorganization Dated October 14, 2011* ("the Plan") filed by DAVID A. CATES AND LINDA A. CATES ("Debtors") came on for hearing before the Honorable Whitney Rimel, United States Bankruptcy Court Judge, on December 13, 2011, in Bakersfield, California, after notice to Debtor, the United States Trustee, the Securities and Exchange Commission, all creditors and parties requesting special notice. T. Scott Belden, Esq. appeared for Debtor. Michael Abril, Esq. appeared for Citizens Business Bank. Michael Fletcher, Esq. appeared for United Security Bank. Christian Gascou,

---

[1] Capitalized terms herein shall have the same meaning as set forth in the Plan unless stated otherwise.

RECEIVED
December 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003959976

Esq. appeared for ICW Group. Rennee Dehesa, Esq. appeared for Rabobank. Robin Tubesing, Esq. appeared for the United States Trustee.

The Court reviewed the Plan, the *Modification Before Confirmation to Debtors' Plan of Reorganization Dated October 14, 2011*, the *Worksheets for Determining Acceptance or Rejection of Debtors' Modified Plan of Reorganization Dated October 14, 2011*, the *Memorandum of Points and Authorities in Support of Confirmation of Debtors' Modified Plan of Reorganization Dated October 14, 2011*, the *Declaration of David Cates in Support of Confirmation of Debtors' Modified Plan of Reorganization Dated October 14, 2011*, the *Ballots on Debtors' Modified Plan of Reorganization Dated October 14, 2011*, the *Limited Objection by ICW Group to Modified Plan of Reorganization Filed by Debtors Dated October 14, 2011*, and considered the comments made on the record by counsel for Debtor and other counsel.

After determining that copies of the Plan and the *Modified Disclosure Statement Filed by Debtors Dated October 28, 2011* approved by the Court had been served on Debtor, the United States Trustee, the Securities and Exchange Commission, all creditors, parties in interest and parties requesting special notice, the Court makes the following findings as more fully described on the record at the hearing held on December 13, 2011:

## II.     Findings of Fact and Conclusions of Law

1. *Debtors' Modified Plan of Reorganization Dated October 14, 2011* filed by Debtor as modified in the *Order Confirming Debtors' Modified Plan of Reorganization Dated October 14, 2011 and Setting Administrative Bar Dates* ("the Order Confirming Plan") complies with the applicable provisions of Chapter 11 of the Bankruptcy Code and meets the requirements of 11 U.S.C. § 1129 as more fully described below.

2. The Plan has been proposed in good faith and not by any means forbidden by law.

3. Any payment made or promised by Debtor or the estate for the services or for costs and expenses incurred in connection with the case, or in connection with the Plan and incident to the case, have been disclosed to the Court.

4. Each holder of a claim or interest of an impaired class that has accepted the Plan has, or will receive or retain under the Plan, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the estate was liquidated under Chapter 7 on account of such claim.

5. The Plan has been accepted by at least one class of claims impaired under the Plan excluding insiders of Debtor.

6. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of Debtor.

7. All required Court and United States Trustee fees will be paid before the Effective Date of the Plan.

8. The Plan is fair and equitable as it relates to treatment of the following classes of claims that are impaired under the Plan but did not return Ballots or accept the Plan as required by 11 U.S.C. § 1129(a)(8):

| Class Three | Priority Claim of Franchise Tax Board |
| --- | --- |
| Class Five | Kern County Tax Collector |

9. ICW Group withdrew its limited objection to confirmation of the Plan based on the modification to the Plan contained in the Order Confirming Plan.

10. No other objections to confirmation were filed, and no classes of claims rejected the Plan.

11. Notice of the hearing on confirmation of the Plan was adequate and, based upon the foregoing, good cause appears for the entry of an Order confirming the Plan.

12. The Court will issue a separate Order confirming the Plan and setting specified deadlines as set forth in the Plan.

Dated:

Dec 19, 2011

*[signature]*
United States Bankruptcy Judge

KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309